UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**BRUNO JOSEPH CUA** | Criminal Action No. 21-00107 (RDM)<br><br>Honorable Randolph D. Moss<br><br>Trial: February 13, 2023 |

**TRIAL BRIEF OF DEFENDANT BRUNO CUA REGARDING THE MEANING OF "INJURY" FOR PURPORSES OF 18 U.S.C. § 111**

Defendant Bruno Cua, through his counsel, files this trial brief in response to the Court's February 10, 2023 Minute Order. In that Order, the Court stated that it is at this time "unpersuaded that the Sentencing Guidelines or the Tenth Circuit pattern instructions provide meaningful guidance" on the meaning of "injury" within the definition of "assault" for purposes of 18 U.S.C. § 111 and asked the parties to be prepared to address the issue on the morning of February 13, 2023. Mr. Cua submits this trial brief in advance of the hearing to assist the Court with its inquiry.

Mr. Cua has moved to dismiss Count Three of the Second Superseding Indictment against him for violation of section 111(a) because it does not require the factfinder to determine that he assaulted Officer G.L. in order to convict him. *See* ECF No. 258. Alternatively, if the Court determines that Count Three need not be dismissed for lack of adequate notice, Mr. Cua seeks a pretrial determination that a conviction under section 111(a) requires the government to prove beyond a reasonable doubt that the Mr. Cua committed an assault. *See id.*

For purposes of evaluating whether Mr. Cua committed an assault, the government has proposed to define "assault" based on the definition for "simple assault" in the Tenth Circuit's pattern jury instruction for 18 U.S.C. § 111, with which the defense has agreed:

> Simple assault means any intentional attempt or threat to inflict injury upon someone else when coupled with an apparent present ability to do so. A finding that one used force (or attempted or threatened to use it) isn't the same as finding that he attempted or threatened to inflict injury. Thus, in addition to finding beyond a reasonable doubt that the defendant acted forcibly, you must also find that the defendant intended to inflict or intended to threaten injury.

ECF No. 273 at 1 (quoting Tenth Cir. Pattern Jury Instr. 2.09, at 90 (2021 ed.)).

The government has also proposed, and the defense has agreed, that the term "bodily injury" as it relates to the term "assault" for purposes of section 111, be given the definition from the Sentencing Guidelines: "any significant injury, e.g., any injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." *Id.* at 2 (quoting U.S.S.G. § 1B1.1 n. 1).

In its Order, the Court noted that "injury" within the definition of assault in the Tenth Circuit Jury Instructions and "bodily injury" are not necessarily synonymous. Although correct as a general matter, the terms should be considered the same for purposes of this case. At least two circuits use the term "bodily injury"--and not simply "injury"--when defining assault for purposes of section 111. For example, the Seventh Circuit's jury instruction for section 111 defines "assault" as follows: "'Assault' means to intentionally inflict, or attempt to inflict, or threaten to inflict *bodily injury* upon another person with the apparent and present ability to cause such injury that creates in the victim a reasonable fear or apprehension of bodily harm." Seventh Circuit, Criminal Instructions, at 190 (2022 ed.) (emphasis added).[1]

The Eleventh Circuit goes further, defining "assault" to involve "*serious* bodily injury" within the context of section 111: "A 'forcible assault' is an intentional threat or attempt to cause *serious bodily injury* when the ability to do so is apparent and immediate. It includes any

---

[1] Available at https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormCriminalPatternJuryInstructionsRevisedMAR2022.pdf.

2

intentional display of force that would cause a reasonable person to expect immediate and serious bodily harm or death." Eleventh Circuit Pattern Jury Instructions, Criminal Cases, No. O1.1, at (Mar. 2022 ed.) (emphasis added).[2]

In addition, the Model Penal Code also defines "assault" using the term "bodily injury," and not simply "injury," providing that a person is guilty of assault if he:

> (a) attempts to cause or purposely, knowingly or recklessly causes *bodily injury* to another; or
>
> (b) negligently causes *bodily injury* to another with a deadly weapon; or
>
> (c) attempts by physical menace to put another in fear of imminent serious *bodily injury*.

Model Penal Code § 211.1 (emphasis added).[3] *See also United States v. Duran*, 96 F.3d 1495, 1509 (D.C. Cir. 1996).

Other circuit courts, like the Seventh Circuit described above, also include in the definition of assault for purposes of section 111 a requirement that a defendant's actions cause the victim to fear "immediate bodily harm," further supporting the view that "injury" within the definition of assault for purposes of section 111 means bodily injury. For example, the Eighth Circuit defines assault for purposes of section 111 as "an intentional and voluntary attempt or threat to do injury to the person of another, when coupled with the apparent present ability to do so sufficient to put the person against whom the attempt is made in fear of immediate *bodily harm*." Eighth Circuit Model Jury Instructions, No. 6.18.111, at 163 (2021 ed.) (emphasis added).[4] Similarly, the Ninth Circuit defines "forcible assault" for purposes of section 111 as encompassing "intentionally threaten[ing] another coupled with an apparent ability to inflict

---

[2] Available at https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormCriminalPatternJuryInstructionsRevisedMAR2022.pdf.
[3] Available at https://www.legal-tools.org/doc/08d77d/pdf.
[4] Available at https://www.ca8.uscourts.gov/sites/ca8/files/2021%20Edition-Criminal%20Jury%20Instructions.pdf.

injury on another which causes a reasonable apprehension of immediate *bodily harm*." Ninth Circuit Manual of Model Criminal Jury Instructions, No. 8.1, at 159 (2022 ed.).[5]

Given these uses of "bodily injury" and "bodily harm" in defining assault for purposes of section 111, the government's proposal to use a definition of "bodily injury" to define "injury" within the Tenth Circuit's jury instruction defining assault is appropriate. Indeed, both the Fifth Circuit and Tenth Circuit have adopted essentially the same definition of "bodily injury" proposed by the government, as taken from the Sentencing Guidelines, for purposes of section 111, but eliminating the first part regarding "significant injury": "The term 'bodily injury' means an injury that is painful and obvious, or an injury for which medical attention would ordinarily be sought." Fifth Circuit Pattern Jury Instructions (Criminal Cases), No. 2.07, at 105 (2019 ed.)[6]; Tenth Circuit Criminal Pattern Jury Instructions, No. 2.09, at 90 (2021 ed.).[7] *See also United States v. Ferrante*, 502 F.Supp.2d 502, 506 (W.D. Tex. 2006) (applying the Fifth Circuit's definition in evaluating whether newly discovered evidence showed bodily injury in a section 111 case).

Given the statute, case law, and jury instructions addressing the issue at the federal level, and the parties' agreement to use the definition of bodily injury included in the Sentencing Guidelines, it would be inappropriate for the Court to adopt the definition of "injury" in the D.C. Criminal Jury Instructions that have been created for the D.C. assault statute, which is unrelated to section 111 and not relevant to federal law.

---

[5] Available at https://www.ce9.uscourts.gov/jury-instructions/sites/default/files/WPD/Criminal_Instructions_2022_12.pdf.
[6] Available at https://www.lb5.uscourts.gov/viewer/?/juryinstructions/Fifth/crim2019.pdf.
[7] Available at https://www.ca10.uscourts.gov/sites/ca10/files/documents/downloads/Jury%20Instructions%202021%20Version.pdf.

If the Court is nevertheless disinclined to adopt the definition of "injury" proposed by the government, the Court should instead use the definition of "bodily injury" in the Model Penal Code: "physical pain, illness or any impairment of physical condition." *Id.* § 210.0(1).

If the Court is also disinclined to use the Model Penal Code definition, a definition for "bodily injury" is included in other sections of Title 18, as the Court noted in its Minute Order. Specifically, "bodily injury" is defined in at least four sections of Title 18 to mean:

(A) a cut, abrasion, bruise, burn, or disfigurement;

(B) physical pain;

(C) illness;

(D) impairment of a function of a bodily member, organ, or mental faculty; or

(E) any other injury to the body, no matter how temporary.

18 U.S.C. §§ 831(g)(5), 1365(h)(4), 1515(a)(5), 1864(d)(2).

The defense would object to the use of the definition of "bodily injury" found in other sections of Title 18 because (1) the government has specifically proposed using the definition from the Sentencing Guidelines and (2) other federal courts have adopted the definition of "bodily injury" from the Sentencing Guidelines, as stated above. The government has chosen to proceed with a definition that has been adopted by other federal courts and the defense has agreed.

Nevertheless, for the Court's information, several circuits and district courts have adopted the definition of "bodily injury" from other sections of Title 18 in some form for purposes of section 111.[8] *See* Seventh Circuit, Criminal Instructions, at 194 (2022 ed.); Eighth

---

[8] The term "bodily injury" is used in section 111(b). As stated, however, the term "injury" within any definition of assault that the Court adopts for purposes of section 111(a) should also be interpreted to mean "bodily injury," as interpreted by at least the Seventh and Eleventh Circuits, as stated above, and as comports with definitions of assault that include putting a victim in fear of immediate bodily harm.

5

Circuit Model Jury Instructions, No. 6.18.111, at 164 n.5 (2021 ed.); Eleventh Circuit Pattern Crim. Jury Instruction 1.2; District of South Carolina, Pattern Jury Instructions for Federal Criminal Cases, at 28 (2020 Online ed.).[9] *See also United States v. Steele*, 550 F.3d 693, 702-04 (8th Cir. 2008) (finding no plain error in district court's definition of "bodily injury" for purposes of section 111 based on an abridged form of the definition in section 1365(h)(4) but also finding that defendant's conduct met the Sentencing Guidelines definition); *United States v. Perry*, 401 Fed. App'x 56, (6th Cir. Nov. 4, 2010) (finding sufficient evidence of bodily injury to support conviction under 111(b) using definition from section 1365(h)(4)); *United States v. Brown*, No. 2:05CR00027, 2007 WL 2155721, at *2-3 (W.D. Va. July 26, 2007) (adopting the definition of "bodily injury" from four sections of Title 18).

In addition, at least two district courts have used a combination of the Sentencing Guidelines definition of "bodily injury" proposed by the government with the Title 18 definition, defining bodily injury to mean: "any injury which is painful and obvious, even if the victim does not seek medical attention … including a cut, abrasion, bruise, burn, or disfigurement, physical pain, illness, impairment of a bodily member, organ, or mental faculty, or any other injury to the body no matter how temporary." *United States v. Stands Alone*, 18-cr-128-jdp, 2020 WL 2085304, at *7 (W.D. Wis. Apr. 30, 2020); *United States v. Ofarrit-Figureoa*, 15 Fed. Appx. 360, 365 (7th Cir. July 23, 2001) (deeming frivolous in an *Anders* appeal an objection to the same jury instruction).

If the Court were to use the definition of "bodily injury" from other sections of Title 18, the Court should apply the principle of *ejusdem generis* to limit the meaning of the final clause "any other injury to the body, no matter how temporary": "[W]here general words follow specific words in a statutory enumeration, the general words are [usually] construed to embrace

---

[9] Available at http://www.scd.uscourts.gov/pji/PatternJuryInstructions.pdf.

only objects similar in nature to those objects enumerated by the preceding specific words." *United States v. Yates*, 574 U.S. 528, 545 (2015) (plurality) (internal quotation marks omitted). *See also Begay v. United States*, 553 U.S. 137, 142-43 (2008). In this case, the phrase "any other injury to the body, no matter how temporary" would be limited to physical injuries similar to a cut, abrasion, burn, disfigurement, physical pain, illness, impairment of a bodily member, organ, or mental faculty. For example, it might be read to encompass visible swelling or a temporary joint dislocation, which is not otherwise specified. It could not be expanded, for example, to encompass an "offensive touching." Otherwise, the final clause would render the foregoing words of the definition superfluous.

                                                                          Respectfully submitted,

DATED: February 12, 2023                 */s/ William E. Zapf*
                                                           Jonathan Jeffress (D.C. Bar No. 479074)
                                                           William E. Zapf (D.C. Bar No. 987213)
                                                           KaiserDillon PLLC
                                                           1099 14th Street NW
                                                           8th Floor West
                                                           Washington, DC 20005
                                                           T: (202) 640-2850
                                                           F: (202) 280-1034
                                                           jjeffress@kaiserdillon.com
                                                           wzapf@kaiserdillon.com

                                                           *Attorneys for Bruno Joseph Cua*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of February, 2023, I filed the foregoing with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system and served a copy of it by electronic mail on counsel for the United States, Assistant United States Attorneys Kaitlin Klamann, Carolina Nevin, and Kimberly Paschall.


Dated: February 12, 2023                                             */s/ William E. Zapf*
                                                                                     William E. Zapf