IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRUNO JOSEPH CUA | Case No.: 21-CR-00107-RDM<br><br>Honorable Randolph D. Moss |

**GOVERNMENT'S MEMORANDUM REGARDING STIPULATED TRIAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits a memorandum regarding the applicable law for the upcoming stipulated trial in this case pursuant to the Court's request for additional information in its February 10, 2023 Minute Order.

**DEFINITION OF "INJURY"**

The Court has asked the parties to address the question "what constitutes an 'injury' for purposes of an assault" under 18 U.S.C. § 111(a). *See* February 10, 2023 Minute Order. The answer to that question is that any offensive touching, no matter how slight, constitutes an "injury."[1]

This conclusion flows directly from the structure of 18 U.S.C. § 111(a). Under that statute, assaultive and other enumerated acts – standing alone – are misdemeanors punishable by not more than one year in prison. *Id.* But where the acts also "involve physical contact with the victim of that assault," the crime is a felony punishable by not more than eight years in prison. *Id.*

An assault involving physical contact with the victim, however, is simply a completed battery. *See* 2 Wayne R. LaFave, Substantive Criminal Law § 16.2(a) (3d ed. Oct. 2022) (noting

---

[1] The government recognizes that it took a different position in its Supplement to Its Response in Opposition to Defendant's Motion to Dismiss Count Three. Dkt. Entry 273. Upon further review of the case law, the government believes the definition of "injury" as set out in this Memorandum is the correct legal standard to apply for purposes of a conviction under the assault prong of 18 U.S.C. § 111(a).

that "offensive touchings . . . will [ ] suffice for battery under the traditional view," and that some "codes follow a much broader view, sometimes extending the crime to any touching or physical contact"); *California v. Hodari D.*, 499 U.S. 621, 631 (1991) (Stevens, J., dissenting) (noting "the distinction between the common-law torts of assault and battery—a touching converts the former into the latter"). As the Supreme Court has explained, "the common-law crime of battery . . . consisted of the intentional application of unlawful force against the person of another." *Johnson v. United States*, 559 U.S. 133, 139 (2010). "The common law held this element of 'force' to be satisfied by even the slightest offensive touching." *Id.*

An assault, by contrast, is conduct that (1) constitutes an attempted battery or (2) places another in reasonable apprehension of a battery. *See* LaFave § 16.3 ("At one time, it was very common to find statutes stating assault was 'an unlawful attempt, coupled with a present ability,' to commit a battery, but this definition is rarely found in the modern codes. In a few of these codes the offense is defined only as an attempted battery; in a few more only as placing another in reasonable apprehension of a battery; and more frequently as either of the foregoing actions."); *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) ("At common law, assault meant an attempt to commit a battery or an act putting another in reasonable apprehension of bodily harm. . . . A battery is the slightest willful offensive touching.") (cleaned up); *Hernandez v. United States*, 286 A.3d 990, 998 (D.C. 2022) (en banc) ("We thus have often said that criminal assaults fall into 'two distinct' categories: attempted battery assaults and intent-to-frighten assaults."). This Court recognized as much when it agreed with the parties "that the term 'assault,' as it is used in 18 U.S.C. 111(a)(1), means 'any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so.'" February 10, 2023 Minute Order.

2

Given that an assault is merely an attempted or threatened battery, it necessarily follows that the attempted or threatened "injury" for purposes of an assault is the same injury sufficient to prove a completed battery: "the slightest offensive touching." *Johnson*, 559 U.S. at 139. Indeed, the en banc D.C. Court of Appeals recently recognized as much in *Hernandez*. There, the court addressed the question "whether an offensive touching, performed with minimal force and not of a sexual nature, may be a criminal assault." *Hernandez*, 286 A.3d at 993. The court "conclude[d] that it may." *Id.* Notably, the parties to that appeal—which included the Public Defender Service for the District of Columbia—"*agree[d]* that common-law simple assault encompasses even the slightest offensive touching, even though it causes or threatens no actual physical harm to the victim." *Id.* at 999 (cleaned up) (emphasis added). The court in *Hernandez* also held that under District of Columbia law, the defendant need possess only "'the intent to perform the act which constitutes the assault at the time the act is committed. . . . The intent element requires a general intent to perform the act, rather than specific intent. . . . The assailant, therefore, need not [have] a conscious purpose to inflict injury. *Id.* at 997 (quoting *Mobley v. United States*, 101 A.3d 406, 419 n.10 (D.C. 2014)).

Numerous cases support the conclusion that, to commit an assault, the defendant need only have committed (or attempted or threatened to commit) an offensive touching. In *United States v. Delis*, the Second Circuit held that, for purposes of 18 U.S.C. § 113(a)(5)—which criminalizes simple assault within the special maritime and territorial jurisdiction of the United States—"an offensive touching does constitute simple assault regardless whether the perpetrator possessed any specific intent to injure." 558 F.3d 177, 178 (2d Cir. 2009); *see also United States v. Bayes*, 210 F.3d 64, 69 (1st Cir. 2000) ("[I]n a prosecution for simple assault under § 113(a)(5), it is sufficient to show that the defendant deliberately touched another in a patently offensive manner without

3

justification or excuse."). Similarly, the Ninth Circuit has held that, for purposes of § 113(a)(5), "noninjurious but intentional, offensive contact (even if relatively minor) satisfies the requirement for simple assault under the [completed] battery theory." *United States v. Lewellyn*, 481 F.3d 695, 698 (9th Cir. 2007). And interpreting a different statutory prohibition on assault, the Seventh Circuit explained that the jury instructions in that case "require[d] the government to prove that defendant willfully caused . . . an offensive touching. . . . No more severe injury need be intended." *United States v. Masel*, 563 F.2d 322, 324 (7th Cir. 1977).

Cases under § 111 itself also support the government's position. For example, in *United States v. Frizzi*,[2] the First Circuit affirmed a defendant's conviction under § 111 for spitting in a mail carrier's face. 491 F.2d 1231, 1232 (1st Cir. 1974). The Court held "that spitting in the face" is a "forcible assault, or, more exactly, a battery falling within the statutory description 'forcibly assaults, resists, opposes, impedes, intimidates or interferes.' Although minor, it is an application of force to the body of the victim, a bodily contact intentionally highly offensive." *Id.* A judge on this court recognized that § 111 "includes the lifting of a menacing hand toward the officer, or shoving him[.]" *Lucas v. United States*, 443 F. Supp. 539, 544 (D.D.C. 1977). And the Eleventh Circuit has held that § 111 "may be violated . . . by minimal physical contact . . . or even without the presence of any physical contact[.]" *United States v. Hernandez*, 921 F.2d 1569, 1577 (11th Cir. 1991) (citing cases).

In *United States v. Sommerstedt*, the Ninth Circuit recognized a definition of assault under § 111 effectively the same as the one adopted by this Court: "an assault 'is committed by either a willful attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the

---

[2] While the court in *Frizzi* interpreted a predecessor to the current § 111 that did not distinguish between misdemeanor and felony violations, the term "forcibly assault" survived subsequent amendments and therefore, the court's interpretation of that term is still applicable.

4

person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.'" 752 F.2d 1494, 1496 (9th Cir. 1985) (quoting *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir. 1976)). The court noted that "[t]his definition does not require that any particular level of force be used," and thus held "that a defendant may be convicted of violating section 111 if he or she uses any force whatsoever against a federal officer[.]" *Id.*; *see also United States v. Mathis*, 579 F.2d 415, 418 (7th Cir. 1978) ("A verdict of guilty of assault or interference with a federal official without a weapon under 18 U.S.C. § 111 requires evidence that the defendant used some quantum of force or threat of force in committing the offense.").

Because "an assault is attempted battery . . . proof of a battery will support conviction of an assault." *Lewellyn*, 481 F.3d at 697-98. And because a battery may be proven by "non-injurious physical contact," *United States v. Stoddard*, 407 F. App'x 231, 234 (9th Cir. 2011), an assault may likewise be proven by such contact. Thus, the "injury" that a defendant attempts or threatens to inflict to commit an assault under 18 U.S.C. § 111(a)(1) need only constitute "the slighted offensive touching." *Johnson*, 559 U.S. at 139. *See, e.g.*, *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("[A]n assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim."); *United States v. Byrd*, 208 F.3d 592, 596 (7th Cir. 2000) ("But even if the shackles prevented Byrd from actually striking the officers, his threatening 'display of physical aggression' toward them was sufficient to constitute an assault under 18 U.S.C. sec. 111."); *United States v. Alsondo*, 486 F.2d 1339, 1345 (2d Cir. 1973) ("Rosa thereafter lifted his hand menacingly, as though to shove Lightcap, and did in fact shove him—both acts sufficient to constitute a crime under section 111.").

**CONCLUSION**

For the reasons set forth above, the government respectfully asks the Court to find that for purposes of §111(a), an assault means any intentional attempt or threat to inflict injury – i.e. any offensive touching – upon someone else, when coupled with an apparent present ability to do so.

Dated: February 12, 2023                                Respectfully submitted,

                                          MATTHEW M. GRAVES
                                        United States Attorney
                                        D.C. Bar No. 481052

By:   */s/ Kaitlin Klamann*
        KAITLIN KLAMANN
        Assistant United States Attorney
        601 D Street NW
        Washington, D.C. 20530
        IL Bar No. 6316768
        (202) 252-6778
        Kaitlin.klamann@usdoj.gov

        CAROLINA NEVIN
        Assistant United States Attorney
        601 D Street NW
        Washington, D.C. 20530
        NY Bar No. 5226121
        (202) 803-1612
        Carolina.Nevin@usdoj.gov