**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**BRUNO JOSEPH CUA** | **Criminal Action No. 21-00107 (RDM)**<br><br>**Honorable Randolph D. Moss** |

**REPLY OF DEFENDANT BRUNO CUA TO THE GOVERNMENT'S SUPPLEMENTAL**
**MEMORANDUM REGARDING STIPULATED TRIAL**

Defendant Bruno Cua, through his counsel, and pursuant to the Court's February 13, 2023 Minute Order, files this reply brief in response to the government's December 17, 2023 supplemental memorandum regarding stipulated trial (ECF No. 285), to further address the meaning of the term "assault" under 18 U.S.C. § 111.[1] Mr. Cua submits this reply brief in advance of the hearing on February 24, 2023, to assist the Court with its determination.

After previously stating to the Court that "injury" within the definition of assault means "a significant injury, an injury that is painful and obvious, or is of a type for which medical attention normally would be required," the government now argues that (a) a battery is a completed assault; (b) "[c]ommon-law battery did not require the infliction of any injury," and (c) any "unconsented contact" with a federal law enforcement officer is an assault involving physical contact and therefore a felony under section 111. *See* ECF No. 285 at 8 (quoting 2 Charles E. Torcia, Wharton's Criminal Law § 177 (15th ed., 1994 & 2018 update)). The government also argues that "the least touching" constitutes "force" and "violence" for purposes

---

[1] Mr. Cua previously filed trials brief in response to the Court's February 10 and February 13, 2023 Minute Orders. *See* ECF Nos. 278 & 286.

of assault. *Id.* (quoting Blackstone, Commentaries on the Laws of England 120 (1768)). This

extreme interpretation is not the law under section 111.

There can be no question that assault requires an intent to injure. As Mr. Cua has stated,

"injury" within the parties' stipulated definition of assault[2] should be understood to mean "bodily

injury." In prior trial briefs, Mr. Cua has highlighted that the D.C., Seventh, and Eleventh

Circuits all define "assault" to require an intent to inflict *bodily* injury, not simply injury in some

more general sense. *See* ECF No. 286 at 4; ECF No. 278 at 2-3 (citing pattern jury instructions

from the Seventh and Eleventh Circuits and *United States v. Duran*, 96 F.3d 1495, 1509 (D.C.

Cir. 1996)). *See also United States v. Fallen*, 256 F.3d 1082, 1087 (11th Cir. 2001); *United

States v. Narvaez*, No. 14 CR 562-2, 2016 WL 2851558, *7 (N.D. Ill. May 16, 2016). In

addition, the Fifth Circuit has defined assault for purposes of Section 111 in the same way,

requiring intent to inflict "bodily injury." *See United States v. Renfro*, 620 F.2d 497, 500 (5th

Cir. 1980).

Thus, even if one disagrees what "bodily injury" means, there is simply no other way to

understand "injury" within the parties' stipulated definition of assault except as "bodily injury."

This is further supported by the common law itself in the District of Columbia and elsewhere.

*See, e.g., Williams v. United States*, 887 A.2d 1000, 1003 (D.C. 2005) ("The essence of the

common law offense of assault is the intentional infliction of *bodily injury* or the creation of fear

thereof." (emphasis added)); *State v. Stevens*, 158 Wash.2d 304, 310-11 (2006) (en banc)

(recognizing "an attempt, with unlawful force, to inflict *bodily injury* upon another" as an assault

(emphasis added)). Similarly, the D.C. Circuit and D.C. Court of Appeals have defined assault as

involving "corporal injury": "An attempt with force or violence to do *corporal injury* to another;

---

[2] The parties have stipulated that "assault" within section 111 means "any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so, that places another n reasonable apprehension of immediate bodily harm." ECF No. 281 at 3.

may consist of any act tending to such *corporal injury*, accompanied with such circumstances as denotes at the time an intention, coupled with present ability, of using actual violence against the person." *Guarro v. United States*, 237 F.2d 578, 580 (D.C. Cir. 1956); *Perez Hernandez v. United States*, 286 A.3d 990, 997 (2022) (same definition). *See also Jones v. Commonwealth*, 36 S.E.2d 571, 681 (Va. 1946) ("An assault is any attempt or offer with force or violence to do a corporal hurt to another"). "Corporal," of course, means relating to the body, or "bodily."[3] Thus, under the common law, injury within the definition of assault is the same as bodily injury.

Under this premise that "injury" means "bodily injury," the government's position that "injury" includes any offensive touching would produce absurd results within the penalty structure of section 111. First, it would create a statutory framework where the slightest offensive touching of a law enforcement officer would be punishable by up to twenty years in prison under section 111(b), which covers any assault that "inflicts bodily injury." 18 U.S.C. § 111(b). After all, under the government's argument, an offensive touching is a bodily injury. Second, there would be no room for a felony under the "physical contact" prong of section 111(a). If the defendant's action is an assault and that assault involves physical contact, it necessarily would be an "offensive touching" under the government's definition and, therefore, punishable under section 111(b), not 111(a). This renders the "physical contact" felony language under section 111(a) superfluous.

The only way to interpret the tripartite penalty provision in a manner that provides for proportionate punishment and provides meaning to all three types of assault covered by the statute is to assign (1) a misdemeanor to an attempt to inflict bodily injury that does not involve

---

[3] *See* Corporal, Merriam-Webster Dictionary, available at https://www.merriam-webster.com/dictionary/corporal; Corporal, Cambridge Dictionary, available at https://dictionary.cambridge.org/us/dictionary/english/corporal. *See also* Punishment, Black's Law Dictionary (defining "corporal punishment" to mean "physical punishment; punishment that is inflicted on the body").

physical contact, (2) a felony with a maximum of eight years in prison to assaults involving

physical contact, and (3) a felony with a twenty-year maximum to an assault that inflicts bodily

injury to the victim.

<div style="margin-left:50%">

Respectfully submitted,

</div>

DATED: February 21, 2023                         */s/ William E. Zapf*
                                                 Jonathan Jeffress (D.C. Bar No. 479074)
                                                 William E. Zapf (D.C. Bar No. 987213)
                                                 KaiserDillon PLLC
                                                 1099 14th Street NW
                                                 8th Floor West
                                                 Washington, DC 20005
                                                 T: (202) 640-2850
                                                 F: (202) 280-1034
                                                 jjeffress@kaiserdillon.com
                                                 wzapf@kaiserdillon.com

                                                 *Attorneys for Bruno Joseph Cua*

<div style="text-align:center">

4

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of February, 2023, I filed the foregoing with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system and served a copy of it by electronic mail on counsel for the United States, Assistant United States Attorneys Kaitlin Klamann, Carolina Nevin, and Kimberly Paschall.


*/s/ William E. Zapf*
William E. Zapf